59 CCPA

**ROB ROY COMPANY, Inc., Appellant,**

v.

**THURMAN MANUFACTURING CO., Appellee.**

**Patent Appeal No. 8671.**

United States Court of Customs and Patent Appeals.

March 9, 1972.

William R. Liberman, New York City, attorney of record, for appellant.

William Charles Hogg, Jr., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., attorneys of record, for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and ROSENSTEIN, Judge, United States Customs Court, sitting by designation.

ROSENSTEIN, Judge.

Rob Roy Company, Inc. appeals from the decision of the Trademark Trial and Appeal Board [1] dismissing its opposition to an application [2] by Thurman Manufacturing Co. to register the following trademark for men's sweaters:

[A5484]

Rob Roy's opposition is predicated on ownership and prior use of its registered trademark [3] "Rob Roy" for "Dress and sport shirts, pajamas, sweaters,

1. Reported at 162 USPQ 479. Familiarity with that opinion is assumed.

2. Serial No. 242,856, filed April 6, 1966, and asserting first use on the goods in commerce in December 1958.

3. Registration No. 680,497, issued June 16, 1959.

trousers and slacks, Bermuda shorts, jackets, coats, and caps." Appellant contends that it would be damaged by the registration sought by Thurman because, in its view, the mark "Rob Scot" with design so resembles its registered mark "Rob Roy" as to be likely, when applied to Thurman's goods, "to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1052(d).

In its opinion, the board carefully reviewed the evidence relating to the parties' advertising, marketing methods and uses of their respective marks, and specifically pointed out that there is no question as to appellant's priority of use. No substantial disagreement having been expressed with the board's findings in that regard, we need not again summarize that evidence here. Appellant's assignments of error and arguments boil down to a quarrel with the board's answer to similar arguments made below:

When we consider the marks, it is apparent that they possess in common "ROB", a nickname for Robert or Robin, and a Scottish significance. On the other hand, we do not believe that merely because the marks both begin with the commonplace nickname "ROB", and have a Scottish flavor, is a sufficient basis to create a likelihood of confusion or mistake in the minds of purchasers. * * * While opposer urges that because "ROB ROY" is a well known name in song and story of a Scot Freebooter, "ROB SCOT" would have the same or a closely related connotation, we are not persuaded that this would be, in fact, the case.

Consideration of appellant's contentions in light of the record does not persuade us of error in the board's conclusion. In our view, the respective marks are sufficiently dissimilar in sound, appearance and connotation as to obviate a probability or likelihood of confusion or mistake in the minds of purchasers as to the source or origin of the goods.

The decision is affirmed.

Affirmed.